# Knight, Appellant, *v.* Farmington Township.

*Negligence—Defective highway — Latent defect — Townships—Notice.*

1. A township is not an insurer against all defects, latent as well as patent, in its structures on highways, but is liable for negligence. Where the defect in a lawful structure is latent, either express notice of it must be brought home to the municipality, or the defect must be of such a character that the municipality will be charged with constructive notice.

2. In an action for damages for injuries to a horse occasioned by the cave-in of the surface of a country road, the plaintiff is not entitled to recover, where it appears that prior to the accident, there was no visible evidence of the latent defect in the roadway, and that it could not have been discovered without tearing up the roadbed.

3. To charge the township with constructive notice of such defect, it must be apparent by reasonable inspection, and evidence that two days prior to the accident, another traveler had broken through the roadway, is not sufficient to establish the liability of the township.

Argued April 15, 1919.    Appeal, No. 103, April T., 1919, by plaintiff, from judgment of C. P. Clarion Co., August T., 1914, No. 11, for defendant non obstante veredicto in case of J. M. Knight v. Farmington Township, Clarion County.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.    Affirmed.

Trespass to recover damages for injuries to a horse. Before SLOAN, P. J.

Verdict for plaintiff for three hundred ($300) dollars. Subsequently the court entered judgment for the defendant n. o. v. and filed the following opinion:

The plaintiff above named brought an action against Farmington Township to recover damages for injuries to a horse caused by the negligence of the defendant in not keeping in a good and safe condition a certain bridge on one of the public roads in said township.

At the close of plaintiff's evidence on the trial of this case defendant moved for a compulsory nonsuit which was refused and the case is now before the court on a motion of defendant for judgment non obstante veredicto.

From the evidence taken at the trial it appears that the defendant township constructed a certain bridge on a public road that crosses a small stream known as "Brown's Run," about eighteen years prior to the alleged injury. The substructure was built of stone, which remained about in the same condition from the time it was constructed until the accident which occurred, as alleged in plaintiff's statement. The approaches were wing walls filled in with dirt or clay. The plaintiff avers that he was driving on the road leading over the bridge across the said stream, and when he was driving on the approach the ground suddenly gave away causing one of his horses to sink down and become injured thereby. That the said road was undermined by water, leaving a top covering of ground about six inches, and that an underground sluce was created about two feet in depth, which was not exposed to plaintiff's view. This statement is substantially the evidence on the trial of the case.

This case turns on the question of notice to the defendant of the defective condition of the bridge. There was no evidence to show express knowledge to the supervisors of the township of the defect, but it is contended by the plaintiff that the evidence shows such a state of facts

that notice to the supervisors may be implied by the jury trying the case. We are not able to agree with the learned counsel in this contention.

It was said in the case of Green v. Philadelphia, 63 Pa. Superior Ct. 121: "Whether there is sufficient evidence to sustain a finding that a defect is so. notorious that notice may be implied is generally a question for the jury; that is, a defect that could be noticed by reasonable inspection; but where it is plain from the plaintiff's evidence that the defect is one that could be observed only by very close examination this standard of care would impose too harsh a rule and cause a municipality to be an insurer of the safety of pedestrians, and in such case it becomes the duty of the court to pass on the question of notice as a matter of law."

In Otto Township v. Wolfe, 106 Pa. 608, the Supreme Court, commenting upon this question, says: "A municipality is not an insurer against all defects, latent as well as patent, in its structures on highways, but is liable for negligence. Where the defect in a lawful structure is latent, or is the work of a wrongdoer, either express notice of it must be brought home to the corporation, or the defect must be so notorious as to be evidence to all passers, when the corporation is charged with constructive notice."

The only witness in this case offered to show any defect prior to the accident was one witness who testified that two days prior to the day of this accident, while driving along the road, one of his horses had broken through at a point where the accident must have occurred. Would the defect as testified to by the witness of the occurrence two days before the accident be sufficient to charge the defendant with negligence? We think not, under all the circumstances in this case.

It is true what might be constructive notice in one case would not be in another. It all depends upon the facts and circumstances surrounding the case. There was no evidence offered to show that the vicinity where

the accident occurred was in a thickly settled community or that the road was used more frequently than the ordinary country road, or that it was in close proximity to the residences of any of the supervisors who might have had occasion to pass and repass and who would likely have known the reports in the vicinity. When it was the intention to charge the defendant with constructive notice, the character and location of, the place of injury and all the circumstances tending to show notice become material in the trial of the case. There was no attempt to show any facts other than the testimony of the one witness, which is wholly insufficient to hold the defendant to constructive notice. Applying the principle of the law laid down in the cases referred to, to the undisputed facts in this case, judgment must be entered for the defendant.

*Error assigned* was in entering judgment for defendant n. o. v.

*George F. Whitmer*, for appellant.

*A. A. Geary*, for appellee.

Opinion by Orlady, P. J., July 17, 1919:

A careful examination of all the testimony in this case demonstrates the correctness of the conclusion reached by the learned trial judge in entering judgment non obstante veredicto in the defendant's favor. The defect complained of was not such that the supervisors could reasonably have anticipated. Repairs to the bridge had been recently made, and the cause of this accident was not at that time apparent nor could it have been anticipated. The encroachment on the earth fill of the abutment and roadway was evidently due to the water in the stream, of which there was no informing evidence until the weight of the horse broke the crust of the overlying cover. And there was no visible evidence on the surface

of the highway of the latent defect underneath it which could have been observed by a physical examination of the surface. It could only have been discovered by tearing up the roadway proper, and such a standard of care would impose too harsh a rule, and would cause a township to be an insurer of the safety of pedestrians. The defect as testified to by the witness of an occurrence two days before the accident, on a road which is admitted to be neither a much travelled one, nor in a thickly settled community, could not be held to be constructive notice to the supervisors of a condition of which they were bound to take notice.

For the reasons given by the learned trial judge in his opinion filed, the judgment is affirmed.